An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
Defendant appellant herein, Mark Hall, appeals from the sentence entered by the trial court subsequent to his pleas of guilty to two separate counts of rape and also appeals from the trial court's determination that he be classified as a sexual predator pursuant to R.C. 2950.09(B). For the reasons adduced below, we affirm in part, reverse in part and remand.
The appellant was indicted on two separate cases, each containing three counts, on September 16, 1999 and September 21, 1999, respectively. The two cases were later consolidated for purposes of trial. In Case No. 380834 the appellant was indicted on one count of rape, one count of kidnapping and one count of robbery. In Case No. 380835 the appellant was indicted on one count of rape, one count of kidnapping and one count of aggravated robbery. All of the counts facing the appellant were first degree felonies, with the exception of the count of robbery in Case No. 380834, which was a felony of the second degree.
The incidents underlying the separate indictments were very similar in nature. The appellant initially made contact with both victims by offering them rides in his car. After each victim was in his car, the appellant drove behind Glenville High School where he violently raped and beat each woman. One of the victims was treated for a broken nose, swollen face, bruised ribs and other injuries. The second victim also described being punched and choked and stated that she was treated for multiple bruises and scrapes. Both victims were administered rape kits after being transported to the emergency room and each tested positive for the presence of semen. The appellant stole each of the victims' purses and also stole a jacket, photos and jewelry belonging to one of the victims.
The appellant entered guilty pleas to the two counts of rape on December 9, 1999. In exchange for his pleas of guilty, the state agreed to nolle the remaining counts pending against the appellant. On January 12, 2000, the trial court conducted a sentencing hearing at which time it also conducted a sexual predator hearing as part of the sentencing hearing as permitted under R.C. 2950.09(B)(1). At the sentencing hearing, the appellant was sentenced to seven years of imprisonment on each rape count, to be served consecutively and was determined to be a sexual predator.
The appellant timely filed the within appeal from the determinations of the trial court.
Appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES ON THE DEFENDANT-APPELLANT WITHOUT MAKING THE REQUISITE FINDINGS REQUIRED BY R.C. 2929.11.
The State of Ohio concedes that the trial court did not fully comply with the dictates of R.C. 2929.11 in its sentencing of the appellant to consecutive seven year sentences on the two separate counts of rape. This court summarized the requisite findings that must be made on the record in support of the imposition of consecutive sentences in State v. Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported. See, also, State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos 75642, 75643, 75644, unreported. The trial court must make a record at the sentencing hearing that confirms that the trial court's decision making process included all of the statutorily required sentencing considerations. Statev. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, State v.Bolton, supra.
Therefore, this assignment of error is sustained, and the case is remanded to the trial court so that it may re-sentence the appellant in accordance with the dictates of R.C. 2929.11.
The appellant's second assignment of error states:
 II. THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SEC. 10 OF THE OHIO CONSTITUTION WITH REGARD TO HIS SEXUAL PREDATOR HEARING.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668,State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668.
* * *
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981). Strickland, supra, at 691. To warrant reversal, [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *.
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
In his brief filed with this court, the appellant asserts that there were no motions filed with the trial court by the appellant's trial counsel other than the standard motions for discovery. Initially, it should be noted that an attorney's effectiveness is not gauged by the number of motions which he files with the trial court. Given the sheer brutality, brazenness and cruel perversity of the appellant's actions, appellant's respective trial counsel did well to secure the plea bargain under which the appellant ultimately entered his guilty pleas. In return for the appellant's pleas on the two rape counts, the state agreed to nolle three additional first degree felonies and one additional second degree felony. If the appellant had proceeded to trial and been convicted on all counts, he would have faced the potential for a significantly longer term of imprisonment than that which he received in exchange for his plea.
Appellant's brief fails to specify what additional motions should have been filed by trial counsel prior to the sexual predator hearing that would have impacted the trial court's determination. Even if this court were to assume that trial counsel was negligent in not filing motions specifically in regards to the sexual predator hearing, it would still be incumbent upon the appellant to demonstrate prejudice resulting form this oversight.
In its ruling, the trial court made express reference to the factors to be considered under R.C. 2950.09(B), including the violent nature of the appellant's offenses, the pattern of behavior demonstrated by the appellant and the extreme cruelty displayed by the appellant to his victims.
The trial court also heard the testimony of one of the appellant's victims during the hearing and considered this testimony in reaching its determination. The victim who testified stated that, as a result of this traumatic incident, she has been forced to relocate to Florida, has difficulty interacting with other people and is afraid to go out alone or in the evening when it is dark.
The appellant has failed to call this court's attention to any evidence which might have been presented by appellant's trial counsel which would have altered the trial court's sexual predator determination. Therefore, this assignment of error is overruled.
The appellant's third assignment of error states:
 II. DEFENDANT-APPELLANT'S PLEA WAS NOT IN COMPLIANCE WITH CRIMINAL RULE 11 BECAUSE IT WAS NOT KNOWING AND VOLUNTARY.
A reviewing court will not vacate a guilty plea if it determines that the trial court substantially complied with Crim.R. 11(C).State v. Harris (Dec. 11, 1997), Cuyahoga App. No. 71897, unreported. In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated:
 Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review * * *. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights that he is waiving * * *. [W]here the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea * * * without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11. Id. at 107-108.
The transcript of the plea proceedings in the instant case is replete with evidence that the appellant understood all of the consequences of his plea and knew that he was not eligible for probation. In viewing the totality of the circumstances, it is clear that the appellant subjectively understood the implications of his plea and the rights which he was waiving.
Prior to accepting the appellant's plea, the trial court reviewed each of the rights that the appellant was waiving by entering a plea of guilty on both counts of rape and asked the appellant if he understood each such right. The appellant answered repeatedly that he did, in fact, understand the nature of the rights which he was waiving. The trial court stated that [e]ach of these rape charges are felonies of the first degree. * * * Whichmeans they each carry a possible penalty anywhere from three years
to ten years maximum: * * *. Thus, contrary to the assertions of the appellant, he was advised at the time of his plea of the potential that his two sentences might be run concurrently.
The trial court also specifically informed the appellant that the penalty of imprisonment is mandatory and that his crimes were not probation able. Thus, the appellant was aware that he faced mandatory prison time when he entered his pleas.
The trial court also informed the appellant that it would be conducting a sexual predator hearing in accordance with R.C.2950.09(B)(2) and that if the appellant was adjudicated as a sexual predator, he would be subject to the mandatory reporting provisions attendant to a classification as a sexual predator. The appellant stated on the record that he understood the potential that he would be adjudicated as a sexual predator and be subject to the mandatory reporting provisions.
It is evident to this court that the trial court substantially complied with Crim.R. 11(C), that the appellant subjectively understood each of the implications of the pleas which he entered and that he entered his pleas of guilty knowingly and voluntarily. Therefore, this assignment of error is overruled.
 SEXUAL PREDATOR CLASSIFICATION HEARING NOTIFICATION
This court notes that the appellant was not notified of the date, time and location of the sexual predator hearing in a manner consistent with the dictates of the Supreme Court in State v. Gowdy
(2000), 88 Ohio St.3d 387, 727 N.E.2d 579. The trial court in this case failed to give advance notice of the time and place of the sexual predator classification hearing.
Appellant's counsel did not object when the trial court informed the parties at the time of sentencing that the sexual predator classification hearing would be held at the same time as the sentencing. Given the common practice of most trial judges in this county, it is probably safe to assume that appellant's counsel was aware that the sexual predator classification hearing would be held at the time of the sentencing. Nonetheless, in Gowdy the Court reasoned that although sexual offender classifications under R.C. 2950.09(B) are civil in nature and the plain error doctrine is not favored in appeals of civil cases and should only be applied in the extremely rare case involving exceptional circumstances, the failure of the trial court to strictly comply with the notification provisions of R.C. 2950.01(B)(1) is plain error and mandates that a classification as a sexual predator be vacated. The Gowdy court specifically found that notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. Gowdy at 399. Therefore, this court is duty bound to vacate the appellant's classification as a sexual predator and remand for an additional hearing with proper advance notice of the hearing issued to the parties. Id.
Judgment affirmed in part and reversed in part. This case is remanded to the trial court for additional proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
 __________________________ MICHAEL J. CORRIGAN, JUDGE